UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X  NOT FOR PUBLICATION

RICHARD ROMO,

        Plaintiff,  MEMORANDUM
  AND ORDER
   -against-  15 CV 4313 (PKC)

NYPD SERGEANT MULLER,

        Defendant.
----------------------------------------------------------X
PAMELA K. CHEN, United States District Judge:

On July 22, 2015, Plaintiff Richard Romo, currently incarcerated at the Otis Bantum Correctional Center ("OBCC") on Rikers Island, filed this *pro se* action pursuant to 42 U.S.C. § 1983. The Court grants Plaintiff's request to proceed *in forma pauperis*. As set forth below, the Court directs Plaintiff to file an amended complaint within 30 days from the date of this Order.

## I. BACKGROUND

Plaintiff alleges that in April 2014, he "was forced out of my will to seek medical attention, twice by the same officer" and that "Sergeant Muller gave me an option to go through the system or hospital, I said system then he cuffed me and put me in the E.M.S. No crime was committed or violation." (Compl. at 3.) He seeks "justice" and unspecified damages.

## II. STANDARD OF REVIEW

In reviewing the complaint, the Court is mindful that Plaintiff is proceeding *pro se* and that his pleadings should be held "to less stringent standards than formal pleadings drafted by lawyers." *Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *accord Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009). A complaint, however, must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v.*

1

*Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although all factual allegations contained in the complaint are assumed to be true, this tenet is "inapplicable to legal conclusions." *Id.*

Pursuant to the *in forma pauperis* statute, the Court must dismiss the action if it determines that the action "(i) is frivolous or malicious, (ii) fails to state a claim upon which relief may be granted, or (iii) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). Similarly, with respect to a complaint brought by a prisoner against a governmental entity or its agents, the Court must dismiss the complaint, either in whole or part, if it is "frivolous, malicious, or fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915A(a) & (b)(1) (emphasis added). *See Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007).

## III. DISCUSSION

Plaintiff is proceeding pursuant to 42 U.S.C. § 1983. This section provides, in pertinent part:

> Every person who, under color of any statute, ordinance regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

42 U.S.C. § 1983. This statute "creates no substantive rights; it provides only a procedure for redress for the deprivation of rights established elsewhere." *Sykes v. James*, 13 F.3d 515, 519 (2d Cir. 1993); *see also Thomas v. Roach*, 165 F.3d 137, 142 (2d Cir. 1999).

To maintain a § 1983 action, a plaintiff must show that the defendant (a) acted under color of state law (b) to deprive the plaintiff of a right arising under the Constitution or federal law. *Cornejo v. Bell*, 592 F.3d 121, 127 (2d Cir. 2010); *Pitchell v. Callan*, 13 F.3d 545, 547 (2d Cir. 1984); *see also Rehberg v. Paulk*, —U.S. —, 132 S. Ct. 1497, 1501-02 (2012). Furthermore, the Federal Rules of Civil Procedure require that "a complaint contain 'a short and plain statement of the claim showing that the pleader is entitled to relief,' and that each averment be 'concise, and direct.'" *Simmons v. Abruzzo*, 49 F.3d 83, 86 (2d Cir. 1995) (quoting Fed. R. Civ. P. 8(a)(2), 8(d)(1)). The "statement should be plain because the principal function of pleadings under the Federal Rules of Civil Procedure is to give the adverse party fair notice of the claim asserted so as to enable him to answer and prepare for trial." *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988) (citations omitted).

At present, the Court cannot discern the nature of Plaintiff's claims against Sergeant Muller, and is left to speculate as to the nature of Plaintiff's claims and the alleged facts supporting those claims. It appears that Plaintiff claims that he was "forced to seek medical attention" against his will and that he may have been forcibly placed in "the EMS", which constituted an arrest that was not justified by Plaintiff's commission of any "crime" or "violation." (*See* Compl. at 3.) In order to proceed with this action, Plaintiff must allege acts or a failure to act which violated his constitutional or federal rights, and that would allow the district court "to draw the reasonable inference that the defendant was liable for the misconduct alleged." *Ashcroft*, 556 U.S. at 678; *see also Bell Atlantic Corp.*, 550 U.S. 544, 570 (2007) (a complaint must plead "enough facts to state a claim to relief that is plausible on its face"). Here, it is unclear whether Plaintiff has alleged sufficient facts to show that defendant Muller violated Plaintiff's constitutional or federal rights.

## IV. CONCLUSION

Accordingly, the Court directs Plaintiff to file an amended complaint in order to comply with Rule 8 as set forth above. Plaintiff must provide factual allegations sufficient to support a plausible claim that defendant Sergeant Muller violated Plaintiff's rights pursuant to 42 U.S.C. § 1983. Plaintiff should also clarify whether he is attempting to raise a false arrest claim. If so, he must provide the date(s) he was arrested and any relevant facts related to the arrest, including whether he was arraigned before the state court.

The amended complaint must be filed within 30 days from the entry date of this order and must be captioned "AMENDED COMPLAINT" and bear the docket number 15-CV-4313 (PKC) (LB). If filed, the amended complaint shall replace the original complaint. No summons shall issue and all further proceedings shall be stayed for 30 days or until Plaintiff has complied with this Order. If Plaintiff fails to file an amended complaint with the time allowed, the action shall be dismissed without prejudice, and judgment shall enter.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of an appeal. *Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

/s/ Pamela K. Chen
Pamela K. Chen
United States District Judge

Dated: September 10, 2015
　　　　Brooklyn, New York